IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,593-03






EX PARTE BERNARDO ABAN TERCERO








ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS


FROM CAUSE NO. 762351-B IN THE 232ND DISTRICT COURT


HARRIS COUNTY





 Per Curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071 § 5.

 In October 2000, a jury found applicant guilty of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at
death. This Court affirmed applicant's conviction and sentence on direct appeal. Tercero
v. State, No. AP-73,992 (Tex. Crim. App. Sept. 18, 2002) (not designated for
publication). Applicant filed his initial post-conviction application for writ of habeas
corpus in the convicting court on May 22, 2002. This Court denied applicant relief. Ex
parte Tercero, Nos. WR-62,593-01 and WR-62,593-02 (Tex Crim. App. Nov. 16,
2005)(not designated for publication). On November 29, 2004, applicant filed in the trial
court a motion to amend his initial application. The application was declared a
subsequent filing, and this Court dismissed the application in the same order in which we
denied relief on his initial application. See Id. 

 On March 1, 2005, the United States Supreme Court held in Roper v. Simmons,
543 U.S. 551, 577-78 (2005), that the execution of individuals who were under 18 years
of age at time of their capital crimes is prohibited by the Eighth and Fourteenth
Amendments. In the instant application, applicant presents the single allegation that he
was younger than 18 years of age when he committed the crime for which he was
sentenced to death. Therefore, he asserts that under Roper, his execution is prohibited. 

 Applicant committed the instant offense on March 31, 1997. The list of death row 
inmates appearing on the website of the Texas Department of Criminal Justice shows
applicant's date of birth to be August 20, 1976. The indictment in this case shows
applicant's date of birth to be August 20, 1977. And trial testimony indicates that
applicant was 18 or older when he committed this offense. On the other hand, attached to
applicant's application is what purports to be a valid birth certificate showing applicant's
date of birth to be August 20, 1979. If the last date is correct, then applicant would have
been under the age of 18 at the time this offense was committed.

 Because applicant is relying on law that was not available at the time he filed his
initial writ or his first subsequent writ, and because he has presented a prima facie case
regarding the applicability of this law to his case, we hold that he has satisfied the
requirements of Article 11.071 § 5. However, given the numerous contradictory facts
regarding applicant's purported age, we remand the application to the trial court to further
develop the record and consider applicant's claim. 

 IT IS SO ORDERED THIS THE 29th DAY OF OCTOBER, 2008.


Do Not Publish